IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HASSEN N. AHMEDIN,

     Petitioner,

     v.                                        CASE NO. 20-3250-JWL

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

     Respondent.

**ORDER TO SHOW CAUSE**

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at Hutchinson Correctional Facility in Hutchinson, Kansas. Petitioner challenges an Immigration and Customs Enforcement ("ICE") detainer lodged with the Kansas Department of Corrections ("KDOC"). The Court has examined the record and orders Petitioner to show good cause why his Petition should not be dismissed.

**Background**

Petitioner is currently in KDOC custody serving his state criminal sentence. Petitioner does not appear to be challenging his state conviction or sentence. In his Petition, he claims that he has "already been processed" by ICE and that he is "legally in this Country" as a "legally admitted refugee." (Doc. 1, at 6.) Petitioner cites K.S.A. § 22-4401 for the proposition that his ICE detainer must be brought to trial within 180 days of the receipt of his § 2241 Petition. Petitioner also asks this Court to dismiss the matter with prejudice if trial is not timely brought within 180 days. *Id*. at 7. Petitioner then argues that he is a legally admitted refugee and should not be removed back to Eritrea because his safety and life would be at risk if he returns. *Id*.

**Discussion**

"A state prisoner's challenge to a detainer lodged by a sovereign other than the one currently holding him in custody, whether it be another State or federal authorities, is normally raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241." *Ikunin v. United States*, No. 13–3072–RDR, 2013 WL 2476712, at *1 (D. Kan. June 7, 2013) (citations omitted). To obtain habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

An inmate challenging an ICE detainer, however, must be in custody pursuant to the ICE detainer. *Ikunin*, 2013 WL 2476712, at *1. "The mere lodging of a detainer by an ICE agent does not constitute custody where no formal deportation proceedings have been commenced and no final deportation order has issued, since the detainer may be only a request that KDOC authorities notify ICE prior to [an] inmate's release." *Id.* (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 657 F. Supp. 2d 1218, 1229–30 (D. Colo. 2009), *aff'd* 366 F. App'x 894 (10th Cir. 2010) ("Almost all of the circuit courts considering the issue have determined that the lodging of an immigration detainer, without more, is insufficient to render someone in custody.") (and cases cited therein); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001) (custody requirement satisfied by final deportation order)).

Petitioner has not shown that he is in custody pursuant to the ICE detainer. Petitioner alleges that he has "already been processed" by ICE. Petitioner does not allege that he has been ordered removed or that he has appealed any removal order to the Board of Immigration Appeals. His Petition suggests that he is in custody serving his state criminal sentence, rather than due to immigration detention or a removal order. In *Herrera v. Milyard*, the court dismissed the petition where petitioner failed to demonstrate that he was in ICE custody.

2

*Herrera v. Milyard*, Civil Action No. 09–cv–00808–BNB, 2009 WL 1806700, at *1 (D. Colo. June 24, 2009).  The court stated that:

> Mr. Herrera does not assert, or provide any evidence, that immigration officials have taken any action with respect to his immigration status other than to issue a detainer, nor does he provide any evidence that a final order of deportation has been issued.  A detainer only indicates that the [sic] ICE is going to make a decision about the deportability of an alien in the future.  The fact that ICE has issued a detainer is not sufficient by itself to satisfy the custody requirement.

*Id.* (citing *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994)); *see also Jaghoori v. United States*, No. 11–3061–SAC, 2011 WL 1336677, at n.4 (D. Kan. April 7, 2011).  Because Petitioner has not shown that he is in ICE custody, his Petition is subject to dismissal.

In addition, Petitioner is not entitled to the relief he requests under K.S.A. § 22-4401[1] because the Interstate Agreement on Detainers ("IAD") does not apply to ICE civil detainers.  *Quintero v. Immigration & Customs Enforcement*, Civil Action No. GLR–12–1877, 2012 WL 4518083, at *1 (D. Md. Sept. 27, 2012) (denying request to compel ICE to adjudicate immigration status and stating that "[t]he concept of prosecutorial discretion as applied to immigration enforcement activity such as a decision to place a particular alien in removal

---

[1]  The Interstate Agreement on Detainers Act is codified at K.S.A. §§ 22-4401, et seq., and "allows inmates imprisoned in other states or in federal prisons to request the disposition of charges pending against them in Kansas."  *State v. Ordway*, 468 P.3d 346 (Table), 2020 WL 4555803, at *3 (Kan. Ct. App. Aug. 7, 2020).  Under the agreement, the contracting states agree that:
> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prison, he shall be brought to trial within one hundred and eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint.

K.S.A. § 22-4401, Art. III, sub. (a).  "State" is defined as "a state of the United States; the United States of America; a territory or possession of the United States; the District of Columbia; the Commonwealth of Puerto Rico."  *Id.* at Art. II, sub. (a).  The United States entered into the Interstate Agreement on Detainers on its own behalf and on behalf of the District of Columbia.  *See* 18 U.S.C. App. 2 § 2.

proceedings has specifically been reaffirmed by the Supreme Court") (citations omitted). "Immigration deportation proceedings are not criminal proceedings[,]" but rather "are civil in nature and are not conducted by a court of the United States." *Angeles v. INS*, No. 3:10–cv–00640–HDM–RAM, 2010 WL 4791747, at *1 (D. Nev. Nov. 18, 2010) (citing *Argiz v. United States Immigration*, 704 F.2d 384, 387 (7th Cir. 1983)). "Therefore, an immigration charge cannot be classified as an 'untried indictment, information, or complaint' within the meaning of the [Interstate] Agreement [on Detainers]." *Id*. (finding that the Interstate Agreement on Detainers did not apply to immigration detainers and stating that the court does not have authority to grant relief because only the Attorney General of the United States has the authority to remove an alien); *see also Deutsch v. United States*, 943 F. Supp. 276, 279 (W.D. N.Y. 1996) (finding no right to a speedy deportation hearing and that the provisions of the Speedy Trial Act and the Interstate Agreement on Detainers do not apply); *Moreno Escobar v. U.S. Dep't of Justice*, No. MISC 05–0048, 2005 WL 1060635, at *1 (E.D. Pa. May 5, 2005) (immigration detainer is neither an indictment nor information nor a complaint and IAD does not apply).

Petitioner has not alleged that prison officials used the detainer to affect his conditions of confinement. Regardless, this type of claim must be presented in a civil rights complaint under 42 U.S.C. § 1983 after all administrative remedies have been exhausted. *Cabrera v. Trammell*, Case No. CIV 11–151–FHS–KEW, 2012 WL 12950484, at *1 (E.D. Okla. Feb. 1, 2012), *aff'd* 488 F. App'x 294 (10th Cir. 2012) ("Regarding petitioner's allegations that prison officials have used the detainer to prevent his transfer to a minimum security facility and otherwise worsen his confinement and sentence, habeas corpus is not the proper means for raising challenges to conditions of confinement.") (citing *Rael v. Williams*, 233 F.3d 1153, 1154 (10th Cir. 2000), *cert. denied*, 531 U.S. 1083) (2001)).

4

Finally, Petitioner has not indicated that he has exhausted available administrative remedies prior to filing suit in federal court.  *See Jaghoori*, 2011 WL 1336677, at *3 (finding that to proceed under § 2241 a petitioner must show exhaustion of available administrative remedies, and petitioner alleged no facts indicating that he had made any effort to remove the detainer through ICE or the prison grievance process).  If Petitioner is claiming that the ICE detainer if invalid because he is a refugee, he fails to allege that he has taken appropriate steps to contest the detainer on this or any other grounds or that he has provided ICE with proof that he is not subject to an immigration detainer.  *Ikunin*, 2013 WL 2476712, at *2 (plaintiff failed to show that he took the appropriate steps to contest the detainer or that he challenged it through the prison grievance process).

Petitioner's § 2241 Petition challenging his ICE detainer is subject to dismissal because Petitioner has not shown that he is "in custody" pursuant to the detainer for purposes of § 2241. Petitioner is granted an opportunity to show good cause why his Petition should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted until **November 9, 2020**, in which to show good cause why the Petition should not be dismissed.

**IT IS SO ORDERED**.

Dated October 13, 2020, in Kansas City, Kansas.

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**